■ In the Matter of the Claim of GRACE A. MALLACH, Appellant. COMMISSIONER OF LABOR, Respondent. [764 NYS2d 146] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 22, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant, a receptionist at an investment bank, was informed at the beginning of November 2001 that her job would be ending at the end of the month. On November 29, 2001, a representative from the investment bank called claimant and offered to extend her job. Claimant declined the offer of employment because she wanted to work closer to home and was concerned about her health due to the air quality in the vicinity of the office resulting from the World Trade Center disaster. Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant voluntarily left her employment without good cause. A preference to pursue job opportunities within a shorter commuting distance from one's home does not constitute good cause for leaving employment, particularly where, as here, a claimant has been traveling to a job site for an extended period of time (*see Matter of Radulescu [Commissioner of Labor]*, 285 AD2d 721 [2001]; *Matter of Haxton [Sweeney]*, 232 AD2d 708 [1996]). Furthermore,

claimant presented no medical evidence that her health was affected or that she was unable to continue working at the investment bank location (*see Matter of Shubert [Commissioner of Labor]*, 253 AD2d 926 [1998]). Significantly, claimant remained at her job for two months after the World Trade Center disaster and did not consider leaving until she was informed that her job assignment was ending. Under these circumstances, we find no reason to disturb the Board's decision.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.